IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FUSY VUE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 3:25-cv-0341 |
| | ) Judge Stephanie L. Haines |
| KRISTI NOEM, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**OPINION**

**I.   Introduction**

Petitioner Fusy Vue ("Mr. Vue"), a citizen of Laos who is currently in immigration custody represents that he is facing imminent removal to Laos, and requests this Court grant a temporary restraining order ("TRO") preventing his removal. (ECF No. 4).[1] Specifically, Mr. Vue states that he was told he would be removed to Laos at "4am", though the day of removal is unclear. ECF No. 4, ¶ 2. Mr. Vue was transferred from Moshannon Processing Center to FDC Philadelphia (*see* ECF No. 4-1), though as of today, the ICE locator shows Mr. Vue still located in Moshannon Valley. ECF No. 4, p. 1. Given the notice of a 4am removal and his transfer to FDC Philadelphia, Mr. Vue believes his removal to be imminent.

For the following reasons, the Court finds that it lacks jurisdiction over Mr. Vue's request for a TRO to prevent his removal, and the Court therefore DENIES his Motion for Temporary Restraining Order (ECF No. 4).

**II.   Background**

---

[1] Mr. Vue filed a Petition for Writ of Habeas Corpus (ECF No. 1) on October 8, 2025, and a First TRO (ECF No. 2) on that same day. The original TRO was denied because Mr. Vue did not provide any indication that the removal was imminent nor did he certify in writing any efforts made to give notice to Respondents prior to requesting the TRO (ECF No. 3). Mr. Vue has remedied both of these shortcomings from his last TRO.

Mr. Vue, in his Motion for TRO, reports that he has resided in the United States for more than forty (40) years. However, he received a final order of removal issued by an immigration judge on January 19, 2010, under 8 U.S.C. § 1231(a)(1)(A).[2] Mr. Vue, in his Habeas Petition (ECF No. 1), and in his TRO (ECF No. 4), represents that he presents strong claims that there are statutory issues regarding the execution of his removal and the lawfulness of his detention. In particular, he states that he is entitled to the reasonable-fear process or reopening proceedings based on changed country conditions of Laos. ECF No. 4, ¶ 6. This Court understands that Mr. Vue has a pending Motion to Reopen his Immigration Court proceedings that was filed on or around September 25, 2025. ECF No. 4, ¶ 7. In support of his TRO, Mr. Vue asserts that he is likely to succeed on the merits of his claim; he will suffer irreparable harm without a TRO; the balance of equities favors Mr. Vue; and public interest supports interim relief.

### III.   Analysis

For the following reasons, the Court finds that it lacks jurisdiction over Mr. Vue's requests in his Motion for a TRO.

As the Supreme Court has explained, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"):

> [A]uthorizes noncitizens to obtain direct 'review of a final order of removal' **in a court of appeals**. 110 Stat. 3009-607, 8 U.S.C. § 1252(a)(1). [I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.' § 1101(a)(47)(A). The Act also states that judicial review 'of all questions of law and fact … arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.' 8 U.S.C. § 1252(b)(9). **In other words, a noncitizen's various challenges arising from the removal proceeding must be 'consolidated in a petition for review**

---

[2] Mr. Vue did not include documentation of his final order of removal with his TRO.

**and considered by a court of appeals.'** *INS v. St. Cyr*, 533 U.S. 289, 313, and n. 37 (2001).[3]

*Nasrallah v. Barr*, 590 U.S. 573, 579–80 (2020) (cleaned up, emphasis added). Further, the REAL ID Act of 2005,[4] "clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580 (citing 8 U.S.C. § 1252(a)(5)).[5]

As a result of Sections 1252(a)(5) and (b)(9), district courts "lack jurisdiction to review most claims that even relate to removal … [b]ecause judicial review of a final order is available only in the court of appeals, district courts cannot review [] 'arising from' claims either." *E.O.H.C. v. Sec'y U.S. DHS*, 950 F.3d 177, 184, 186 (3d Cir. 2020) (holding, however, that Section 1252(b)(9) does not pose a jurisdictional bar "when aliens seek relief that courts cannot meaningfully provide alongside review of a final order of removal"); *see also Tazu v. AG U.S.*, 975 F.3d 292, 299 (3d Cir. 2020) ("[T]he legal questions [petitioner] raises about the scope of the Attorney General's discretion to re-detain him *are bound up with (and thus 'aris[e] from')* an 'action taken' to remove him[.]") (emphasis added).

Clearly, Mr. Vue recognizes he has a final order of removal to Laos. *See supra* Section II. The Court holds that Mr. Vue's removal to Laos is closely "bound up with" his removal order such

---

[3] The INS Court's finding that habeas review of BIA's alleged error was not precluded by the jurisdiction stripping statute 8 U.S.C. §1252(a)(2)(c) was overturned, lending further credibility to this Court's finding that it lacks jurisdiction.

[4] The Court finds no violation of detention under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (finding a "presumptively reasonable" removal period of six months.), nor is there any Constitutional violation given that Mr. Vue has been able to exercise his due process rights by filing a petition to reopen his case with the immigration court and can utilize the proper channels through the Circuit Court to challenge his removal pending the outcome of his immigration proceedings.

[5] The Court also notes that "§ 2242(d) of FARRA provides for judicial review of CAT claims as part of the review of a final order of removal pursuant to section 242 of the [INA.]" *Nasrallah*, 590 U.S. at 580 (internal quotation marks and citation omitted). Mr. Vue argues that REAL ID does not preclude district court jurisdiction over distinct detention and constitutional claims.

that this Court lacks jurisdiction over his Motion for a TRO. *Tazu*, 975 F.3d at 299; *see also DHS v. D.V.D.*, 145 S. Ct. 2153 (2025). This Court has previously articulated that it often lacks jurisdiction to adjudicate a TRO request that asks this Court to both: (1) review whether a prospective third country of removal is a proper country of removal— a decision that is closely "bound up with" a final order of removal (*see* § 1252 (a)(5), (b)(9)); or, (2) review an action of the executive branch to execute a removal order (*see* § 1252(g)). *Odiase v. Oddo*, No. 3:25-206, 2025 WL 2673938, at *6 n.11 (W.D. Pa. Sept. 18, 2025). Section 1252(g) "strips us of jurisdiction to review the Attorney General's 'decision or *action* ... to ... execute [a] removal order[]'" and section 1252(b)(9) renders review of any claim "aris[ing] from any action taken or proceeding brought to remove an alien" "available only in judicial review of a final order" in the appropriate circuit court of appeals. *Tazu v. Attorney General United States*, 975 F.3d 292, 294, 299 (3d Cir. 2020) (emphasis added); *see also Reno*, 525 U.S. at 483 (Section "1252(g) as we interpret it serves the continuing function of making clear that those specified decisions and actions [commencing proceedings, adjudicating cases, and executing removal orders]... are covered by the 'zipper' clause of § 1252(b)(9)."); *Rranxburgaj v. Wolf*, 825 Fed.Appx. 278, 283 (6th Cir. 2020) ("In the REAL ID Act, Congress decided that, as a matter of public policy, we do not have jurisdiction to decide claims that arise from the decision of the Executive Branch to execute a removal order— like the ones presented in this suit. Accordingly, whether or not we agree with ICE's decision to execute [a] plaintiff's removal order... th[at] decision[] [is] not reviewable by" district courts). Thus, Mr. Vue has failed to articulate how his instant claim arises from anything other than "action taken ... to remove an alien [Petitioner] from the United States[,]" 8 U.S.C. § 1252(b)(9), pursuant to a final order of removal.

Indeed, this Court sees no reason why the type of relief that Mr. Vue now seeks cannot be meaningfully considered by the Third Circuit "alongside review of a final order of removal." *E.O.H.C.*, 950 F.3d at 186.[6] Therefore, the Court holds that the jurisdictional bar enunciated in 8 U.S.C. § 1252 (a)(5), (b)(9) precludes this Court from further considering Mr. Vue's present requests for relief in his Motion for a T.R.O.[7]

**IV.   Conclusion**

For all of the foregoing reasons, the Court **DENIES** Mr. Vue's Motion for a T.R.O. (ECF No. 4). Whatever the merits of Mr. Vue's Due Process claims, this Court is barred by law from considering them. The Court will therefore leave it to other judicial bodies with jurisdiction over his claims to assess whether the process that the Government is currently providing to Mr. Vue complies with the United States Constitution.

DATED: October 14, 2025

STEPHANIE L. HAINES
U.S. DISTRICT COURT JUDGE

---

[6] At bottom, Mr. Vue is challenging the constitutionality of the document(s) directing that/informing him that he will be removed from this country to Laos. This appears to the Court to be very much the type of scenario that Section 1252 was enacted to bar this Court from considering.

[7] For much the same reasons, the Court likewise finds that Section 1252(g) bars this Court's consideration of Mr. Vue's requests in his Motion for a TRO. *Tazu*, 975 F.3d at 298–99 (noting that that Section "strips us of jurisdiction to review the Attorney General's 'decision or *action* ... to ... execute [a] removal order[]'" and finding that re-detention for removal purposes "attacks a key part of executing [a petitioner's] removal order") (emphasis added)).